UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ELIAS SALDANA,

                Plaintiff,                               **REPORT AND**
                                                          **RECOMMENDATION**
      -against-

                                                           09 Civ. 6268 (SCR) (GAY)

VILLAGE OF PORT CHESTER, CHRISTOPHER
CECCARELLI, individually and officially, as a
Police Officer and employee of the VILLAGE OF
PORT CHESTER, F/N/U KRZEMINSKI,
individually and officially, as a Police Officer and
employee of the VILLAGE OF PORT CHESTER,
and POLICE OFFICERS JOHN DOES 1-5,

                Defendants.
-------------------------------------------------------------------X

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

      Plaintiff Elias Saldana, appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983 and the laws of the State of New York. Plaintiff asserts 42 U.S.C. § 1983 and New York State claims against defendants the Village of Port Chester, and its law enforcement officers Christopher Ceccarelli and F/N/U Krzeminski[1], stemming from plaintiff's arrest on July 14, 2008. Presently before this Court is defendants' motion to dismiss certain of plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has not filed any papers in opposition to the motion to dismiss.

---

[1] As of the date of this Report and Recommendation, Police Officers John Does 1-5 have not been named.

1

For the reasons that follow, I respectfully recommend that defendants' motion be GRANTED.

**I. BACKGROUND**

The following facts are taken from plaintiff's Complaint. For the purposes of the present motion to dismiss, said facts are presumed to be true.

On the evening of July 14, 2008, police officers Ceccarelli and Krzeminski detained and arrested plaintiff at or about Smith Street in the Village of Port Chester. Other officers were present at the time of the arrest. Plaintiff was placed in handcuffs. During the course of his arrest, officers beat him with their fists. In addition, one or more of the officers used a taser on him four times, striking him in the left chest area, right arm, right elbow, and stomach.

As a result of the physical force used against him, plaintiff suffered injuries. The handcuffs caused severe injury and bleeding to his wrists. He also had cuts and bruises to his facial area, including cuts and bruises over his right eye and right cheek. The taser(s) caused bruising and scarring where it struck plaintiff's body.

On or about October 9 and 10, 2008, plaintiff filed a Notice of Claim and Intention to Sue with the Village of Port Chester. On July 13, 2009, plaintiff filed the present action, alleging eight causes of action.[2] Plaintiff alleges unreasonable force, federal and state claims of false imprisonment/arrest, Monell[3] liability, assault and battery, intentional infliction of emotional distress, negligent infliction of emotion distress, and

---

[2] Plaintiff numbered his cause of action "first" through "tenth." The Court notes, however, that plaintiff listed no "fourth" or "seventh" cause of action.

[3] Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658 (1978).

"negligence"[4]. Defendants move to dismiss plaintiff's claims of: federal and state false imprisonment/arrest, Monell liability, intentional infliction of emotional distress, negligent infliction of emotion distress, and negligence.[5]

## II. MOTION TO DISMISS STANDARD

In evaluating a motion to dismiss a complaint under FRCP 12(b)(6), this Court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). Thus, the Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in [plaintiff's] favor. To survive a Rule 12(b) motion, [plaintiff's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hayden, 594 F.3d at 160 (internal quotations omitted and quoting, in part, Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)) (alterations provided).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citation omitted). The court must analyze the complaint under a two-pronged approach: (1) determine which statements are well-pleaded factual allegations and assume their veracity, and (2) "then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. Statements

---

[4] See infra note 9.

[5] The Court notes that defendants move to dismiss plaintiff's "fourth" and "seventh" causes of action. However, as stated supra note 2, plaintiff stated no so-enumerated claims.

deemed "legal conclusions" rather than factual allegations are not entitled to the assumption of truth.  Id. at 1950-51.

For purposes of evaluating a 12(b) motion, the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (quotation and citation omitted).  "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." Id. at 153 (quotation and citation omitted).

Further, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  *Pro se* complaints and supporting papers must be read "liberally" and interpreted to "raise the strongest arguments that they suggest." See Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quotation and citation omitted).

### III.  FALSE IMPRISONMENT AND FALSE ARREST

The elements of a claim of false arrest pursuant to 42 U.S.C. § 1983 are the same as those for a false arrest claim pursuant to New York law. Little v. City of New York, 487 F. Supp. 2d 426, 437 (S.D.N.Y. 2007) (citation omitted).  A claim for false imprisonment also has the same elements. Anderson v. State, 901 N.Y.S.2d 500, 504 (N.Y. Ct. Cl. 2010) (citation omitted).  "To state a claim for false arrest [or false imprisonment] under New York law, a plaintiff must show that: (1) the defendant intentionally confined the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not

otherwise justified."  Little, 487 F. Supp. 2d at 438 (citing Posr v. Doherty, 944 F.2d 91, 97 (2d Cir. 1991)).  In addition, state action is a necessary element in a § 1983 claim.

However, probable cause is a complete defense to false arrest and false imprisonment.  Id. (citations omitted) (regarding false arrest); Sylvester v. City of New York, No. 106800/03, 2009 WL 1651494, at *2 (N.Y. Sup. Ct. June 4, 2009) (regarding false imprisonment).[6]  "Probable cause to arrest exists when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested."  Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991) (citation omitted).  A conviction "'conclusively establishe[s] probable cause'" for an arrest, and thus establishes an affirmative defense to false arrest and false imprisonment causes of action.  Hoberman v. City of New York, 25 Misc.3d 1244(A) (N.Y. Sup. Ct. 2009) (quoting Bennett v. NYC Hous. Auth., 665 N.Y.S.2d 91, 92 (App. Div. 1997)) (regarding state claims); see also Vallen v. Connelly, 36 F. App'x 29, 30 (2d Cir. 2002) (regarding § 1983 claims).

Here, defendants submit that plaintiff was convicted of an offense stemming from his arrest on July 14, 2008.  Specifically, plaintiff was convicted of drinking in public and was sentenced to jail on August 25, 2008 (Vita, J.).  Decl. of Adam I. Kleinberg, Ex. B., Certificate of Conviction, Port Chester Village Court, Criminal Part.[7]  As such,

---

[6] The Court has attached a copy of this and any other unreported decision herein for *pro se* plaintiff's access.

[7] By virtue of plaintiff's claims, his Complaint relies heavily upon the terms and effect of said exhibit.  Thus, the Court deems said exhibit integral to plaintiff's Complaint.

5

defendants had probable cause to imprison and arrest plaintiff. Accordingly, it is respectfully recommended that plaintiff's federal and state claims for false imprisonment and false arrest should be dismissed.

## IV. MONELL LIABILITY

In order to assert a Monell claim establishing municipality liability under § 1983, a plaintiff must plead and prove: "an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Koulkina v. City of New York, 559 F. Supp. 2d 300, 315 (S.D.N.Y. 2008) (citing Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007)). Liability attaches only for wrongs that the municipality itself commits. See Walker v. City of New York, 974 F.2d 293, 296 (2d Cir. 1992) ("it is only when the municipality itself commits the misdeed, that is, when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983").

A plaintiff may prove a municipal policy or custom in several ways. A plaintiff may show that an official with final policy making authority directly committed or commanded the alleged constitutional violation. Monell, 436 U.S. at 690. In the alternative, a plaintiff may also demonstrate that a policy maker indirectly caused the misconduct of a subordinate municipal employee by acquiescing to a longstanding practice or custom which represents an official policy. Id. at 694. Additionally, a plaintiff may show that a municipal policymaker failed to adequately train subordinates, if such

failure constituted "deliberate indifference" to the rights of the individual who interacted with the municipal employees. City of Canton v. Harris, 489 U.S. 378, 388 (1989).

However, "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991) (citation omitted). Nevertheless, "a policy or custom may be inferred from acts or omissions of a municipality's supervisory officials serious enough to amount to . . . deliberate indifference to the constitutional rights of the plaintiff." Villante v. Dep't of Corr. of the City of New York, 786 F.2d 516, 519 (2d Cir. 1986) (citations omitted). For instance, "circumstantial proof, such as evidence that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction" may support an inference that a municipal policy existed. Ricciuti, 941 F.2d at 123 (citation omitted). Additionally, an inference that a policy existed may be shown with "evidence that the municipality had notice of but repeatedly failed to make any meaningful investigation into charges that police officers had used excessive force in violation of the complainant's civil rights." Id. (citation omitted).

Here, defendants contend that the Complaint fails to allege a Monell claim with specificity. The Complaint states that the Village of Port Chester: (1) adopted "certain policies that resulted in the federal and state law violations committed" against plaintiff; or (2) "failed to adopt policies that would have prevented said violations"; and (3) failed to "train and/or supervise its police officers in the proper use of force, including, but not limited to, the use of tasers." Complaint ¶ 4. The Complaint further describes the

7

events of July 14, 2008, stating that the arresting police officer(s) struck plaintiff with their fists and taser(s) multiple times.

Plaintiff's Monell claim relies on "practice or custom" or "failure to train or supervise" theories. Nevertheless, plaintiff's statements regarding the Village of Port Chester's policies, or lack thereof, are "legal conclusions" rather than factual allegations. See Cuevas v. City of New York, No. 07 Civ. 4169, 2009 WL 4773033, at *3-4 (S.D.N.Y. Dec. 7, 2009) ("Baldly asserting that the Plaintiff's injuries are the result of the City's policies does not show this Court what the policy is or how that policy subjected Plaintiff to suffer the denial of a constitutional right."). As such, said statements are not entitled to the assumption of truth. Iqbal, 129 S. Ct. at 1950-51. Regarding plaintiff's failure to train or supervise theory, plaintiff has not alleged facts sufficient to infer that the Village of Port Chester, rather than individual police officer(s), are responsible for the constitutional violation plaintiff allegedly suffered. See Abreu v. City of New York, 657 F. Supp. 2d 357, 361 (E.D.N.Y. 2009) (plaintiff's "rote recitation of Monell" and the pleading's "sparse facts" of a "single, detached incident of misconduct by a few non-policy level officers . . . in no way suggests a deliberate choice by municipal policymakers to turn a blind eye to unconstitutional conduct.").

In sum, plaintiff did not sufficiently plead a Monell claim. Missel v. County of Monroe, 351 F. App'x 543, 544-46 (2d Cir. 2010). Accordingly, it is respectfully recommended that plaintiff's Monell claim should be dismissed.[8]

---

[8] Because the Court recommends dismissal of said claim, the Court does not address defendants' request to bifurcate the trial.

**V.  INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

In order to plead a prima facie claim for intentional infliction of emotional distress, a plaintiff must assert that: (1) he suffered "extreme and outrageous conduct, measured by the reasonable bounds of decency tolerated by society"; (2) defendant(s) intended to cause or disregarded "a substantial probability of causing severe emotional distress"; (3) a causal connection exists between the conduct and injury; and (4) he suffered severe emotional distress.  Sylvester, 2009 WL 1651494, at *4 (citing Howell v. New York Post Co., 81 N.Y.2d 115, 121 (1993)).  "Negligent infliction of emotional distress is premised upon a breach of duty which unreasonably endangers the plaintiff's physical safety."  Sylvester, 2009 WL 1651494, at *4 (citing Bovsun v. Sanperi, 61 N.Y.2d 219, 236-39 (1984)).  In order to "state a claim for negligent infliction of emotional distress, plaintiff[] must allege conduct that 'was so outrageous and extreme as to support a claim for emotional distress,' which is the same standard used in intentional infliction of emotional distress cases."  Dorn v. Maffei, 386 F. Supp. 2d 479, 486 (S.D.N.Y. 2005) (citation omitted).

As an initial matter, public policy of New York "bars claims sounding in intentional infliction of emotional distress against a governmental entity."  Wyllie v. Dist. Attorney of County of Kings, 770 N.Y.S.2d 100, 115 (App. Div. 2003) (quotation and citation omitted).  In addition, both emotional distress claims must be dismissed against all the defendants where the underlying claims—excessive force, assault, and battery—fall within traditional tort liability.  Dorn, 386 F. Supp. 2d at 486, n.5; Naccarato v. Scarselli, 124 F. Supp. 2d 36, 44-45 (N.D.N.Y. 2000).  In other words, claims of intentional and negligent infliction of emotional distress cannot coexist with claims of excessive force,

9

assault, and battery. Dorn, 386 F. Supp. 2d at 486, n.5; Naccarato, 124 F. Supp. 2d at 44-45.

Here, plaintiff's intentional and negligent infliction of emotional distress claims are based on conduct which also gives rise to his claims for excessive force, assault, and battery. Accordingly, it is respectfully recommended that plaintiff's intentional and negligent infliction of emotional distress claims should be dismissed.

## VI.  NEGLIGENT HIRING, RETENTION, SUPERVISION, & TRAINING[9]

A claim for negligent hiring, retention, supervision and training is based on the employer's direct negligence. Sheila C. v. Povich, 781 N.Y.S.2d 342, 350 (App. Div. 2004) (citations omitted). Claims for negligent hiring and retention arise from an employer "having placed the employee in a position to cause foreseeable harm, harm which the injured party most probably would have been spared had the employer taken reasonable care in making its decision concerning the hiring and retention of the employee." Id. (citations omitted). The employer's negligence must be the proximate cause of the plaintiff's injuries. Rochlin v. Alamo, 619 N.Y.S.2d 75, 77 (App. Div. 1994)

---

[9] Plaintiff entitles his tenth cause of action "Negligence." However, the text of this cause of action clearly indicates plaintiff's intention to raise a state claim of liability against the Village of Port Chester. Specifically, plaintiff claims that the Village of Port Chester was "careless in the hiring, training, supervision, discipline and control of individual defendants . . . ." and "careless in failing to have in place, policies, procedures, rules and regulations to prevent the type of violent, inappropriate conduct . . . ." Complaint ¶¶ 61-62. Plaintiff also claims that the Village of Port Chester was "negligent in employing and retaining . . . ." and "by failing to properly train its officers . . . ." Id. ¶¶ 63-64. In any event, assuming plaintiff intended to raise said claim against the individual defendants, it is respectfully recommended that said claim should be dismissed. "Negligence claim[s] will not lie where plaintiff has asserted claims based on intentional conduct, such as in claims for excessive force. Cerbelli v. City of New York, No. 99 Civ. 6846, 2008 WL 4449634, at *23-24 (E.D.N.Y. Oct. 1, 2008) (citation omitted).

(citations omitted). Claims for negligent supervision and training arise when an employer has notice of the employee's tendency for the bad conduct and its lack of supervision or inadequate training is the proximate cause of a plaintiff's injuries. Id. (citation omitted). Thus, an essential element of a cause of action in negligent hiring, retention, supervision, and training "is that the employer knew or should have known of the employer's propensity for the conduct which caused the injury." Doe v. Rohan, 793 N.Y.S.2d 170, 173 (App. Div. 2005) (citation and quotation omitted).

Here, plaintiff baldly alleges that the Village of Port Chester was negligent in hiring, retaining, supervising, and training individual defendants Ceccarelli and Krzeminski. Moreover, plaintiff failed to assert any allegations that the Village of Port Chester "knew or should have known" of the Ceccarelli's and Krzeminski's alleged propensity for the conduct of which plaintiff complains. As such, plaintiff insufficiently pleaded said claim. See Iqbal, 129 S. Ct. at 1949; Sheila C., 781 N.Y.S.2d at 350 (court dismisses plaintiff's negligent hiring and retention claim where the complaint was "devoid of any allegations concerning this essential element" of the employer's knowledge of its employee's propensity) (citations omitted). Accordingly, it is respectfully recommended that plaintiff's claim for negligent hiring, retention, supervision, and training should be dismissed.

## VII. CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend that defendants' motion to dismiss be GRANTED, dismissing plaintiff's Second, Third, Sixth, Eighth, Ninth, and Tenth Causes of Action.

## VIII. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Stephen C. Robinson and not to the undersigned.

Dated:   July 21, 2010          Respectfully Submitted:
         White Plains, New York

                                _____
                                GEORGE A. YANTHIS, U.S.M.J.