USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/16/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIAS SALDANA,

                      Plaintiff,

v.

VILLAGE OF PORT CHESTER, CHRISTOPHER CECCARELLI, individually and officially, as a Police Officer and employee of the VILLAGE OF PORT CHESTER, F/N/U KRZEMINSKI, individually and officially, as a Police Officer and employee of the VILLAGE OF PORT CHESTER and POLICE OFFICERS JOHN DOES 1-5,

                      Defendants.

09 Civ. 6268 (RO)

## ORDER

OWEN, District Judge:

*Pro se* Plaintiff brings this action under 42 U.S.C. § 1983 and New York State laws against defendants the Village of Port Chester and its law enforcement officers Christopher Ceccarelli and F/N/U Krzeminski. Plaintiff's claims are based on events surrounding Plaintiff's arrest on July 14, 2008 in the Village of Port Chester, during which Plaintiff was subjected to various injuries as a result of physical force used against him.

In October, 2008, Plaintiff filed a Notice of Claim and Intention to Sue with the Village of Port Chester. Plaintiff then filed this action on July 13, 2009, in which he alleges the following causes of action: unreasonable force; federal and state claims of false imprisonment/arrest; *Monell* liability; assault and battery; intentional infliction of emotional

1

distress; negligent infliction of emotional distress; and negligence.[1]  Before the Court is Defendants' motion to dismiss, filed on October 26, 2009 and supported by a memorandum of law, Plaintiff's claims of the following:  federal and state false imprisonment/arrest; *Monell* liability; intentional infliction of emotional distress; negligent infliction of emotional distress; and negligence.  Plaintiff did not file an opposition to Defendants' motion to dismiss.

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation.  Absent objections to the Report from either party, district courts review those orders under a clearly erroneous or contrary to law standard of review.  28 U.S.C. § 636(b)(1)(A).

On July 21, 2010, Magistrate Judge George Yanthis issued a Report and Recommendation (the "Report") in which he recommended that defendants' motion to dismiss be granted.  Neither party filed objections to the Report and Recommendation.

The Court concurs with the Report and Recommendation.  As explained fully in the Report, probable cause is a complete defense to false arrest and imprisonment.  Because Plaintiff was convicted of an offense stemming from the July 14, 2008 arrest at issue in this case, Defendants had probable cause to arrest and imprison Plaintiff.  As for the *Monell* liability claim, Plaintiff has failed to plead a Monell claim with sufficient specificity.  Plaintiff's claims for intentional and negligent infliction of emotional distress also must be dismissed because, as explained in the Report, public policy in New York precludes claims for intentional infliction of emotional distress brought against a governmental entity and because such claims cannot coexist with claims of excessive force, and assault and battery, as they do here.  Plaintiff's negligence claims, specifically with regard to the hiring, retention, supervision, and training of Defendant

---

[1] The Report noted that *pro se* complaints are held to less stringent pleading standards than complaints in which parties are represented by counsel and that complaints and supporting papers are to be construed liberally.

law enforcement officers, must be dismissed because Plaintiff fails to allege an essential element of negligence – that Defendant knew or should have known that the law enforcement officers had a propensity to act in the manner alleged in this action.

Accordingly, the Court concurs with the Report and Recommendation of Judge Yanthis, and hereby adopts it, in its entirety, as the Order of this Court. Accordingly, Defendants' Motion to Dismiss is hereby GRANTED.

SO ORDERED.

March __, 2011

_____
RICHARD OWEN
UNITED STATES DISTRICT JUDGE

3